## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**STATE OF OHIO,**

        **Plaintiff,**

    **v.**                    **Civil Action 2:24-cv-3730**
                                      **Judge Michael H. Watson**
                                      **Magistrate Judge Chelsey M. Vascura**

**ANTONIA BEY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Removing Defendant/Petitioner, Antonia Bey, has submitted a request to proceed *in forma pauperis*. (ECF No. 4.) The Court **GRANTS** Mr. Bey's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Mr. Bey's Amended Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Mr. Bay's Amended Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

# I.    STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In

doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
>> (i) is frivolous or malicious; [or]
>>
>> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.     ANALYSIS

Mr. Bey initially attempted to remove state-court criminal proceedings pending against him in the Municipal Court of Franklin County, Ohio, to this Court. (*See* Notice of Removal, ECF No. 1, purporting to remove Case Nos. CRB2400142, TRD2400526B, TRD2400526A.) This Court lacks subject-matter jurisdiction over any such criminal proceedings, as the federal removal statute provides for the removal only of civil proceedings. *See* 28 U.S.C. § 1441 ("[A]ny

3

*civil action* brought in a State court . . . may be removed by the defendant . . . .") (emphasis

added). Any criminal proceedings purportedly removed by Mr. Bey must therefore be remanded

to the state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that

the district court lacks subject matter jurisdiction [over a removed case], the case shall be

remanded.").

Mr. Bey has also, despite initially representing himself as a removing Defendant, filed a

purported Amended Complaint. (*See* ECF No. 5.) The Amended Complaint is styled as a petition

for quo warranto and mandamus to challenge the unlawful exercise of authority and fraudulent

conduct by officials of Vinton County, Ohio. (*Id.*) The Amended Complaint largely contains

generalized assertions that Vinton County officials have engaged in "unfriendly intercourse"

with Mr. Bey and "confidence games" that violate Mr. Bey's inherent sovereignty as a

beneficiary of the Greenville Treaty of 1795. (*Id.*) The only factual allegations in the Amended

Complaint are that Vinton County officials have taken and held Mr. Bey against his will, as well

as seized his 2020 Nissan Kick, books, electronic devices, and a silver dollar. (*Id.* at 2–3.) Based

on filings by Mr. Bey in a related case, the Court understands these allegations to refer to Mr.

Bey's June 17, 2024 traffic stop when he was issued a ticket by the Vinton County Sheriff's

Department for speeding and for failure to display a license plate on his vehicle. It also appears

that Mr. Bey was subsequently arrested and his vehicle seized. (*See* Case No. 2:24-cv-3492, ECF

No. 1-1, PAGEID #14; ECF No. 6.)

The Amended Complaint fails to state a claim on which relief can be granted because Mr.

Bey's factual allegations fail to raise a plausible inference that his rights were violated. The only

alleged facts are that he was issued a traffic ticket, had his vehicle seized, and was apparently

arrested. Mr. Bey has not alleged facts on which the Court can rely to conclude that the ticket,

seizure, or arrest were unlawful. Mr. Bey's allegations are therefore the kind of "naked assertions devoid of further factual enhancement" that do not suffice to state a claim. *See Iqbal*, 556 U.S. at 678 (cleaned up).

### III.    DISPOSITION

Mr. Bey's motion for leave to proceed *in forma pauperis* (ECF No. 4) is **GRANTED**. It is **RECOMMENDED** that any criminal proceedings purportedly removed in this action be **REMANDED** to state court and that the Amended Complaint be **DISMISSED** for failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B).

### <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE